WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Burri Law PA, et al., | No. CV-20-01692-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| William C Skurla, et al., | |
| Defendants. | |

Before the Court is the motion to dismiss filed by Bishop Milan Lach and the Byzantine Catholic Diocese of Parma ("Parma") (Doc. 22) and Plaintiffs' motion to conduct jurisdictional discovery (Doc. 31). Both motions are fully briefed. (Docs. 22, 31, 32, 34, 35, 39.) The Court will grant the motion to dismiss and deny the motion to conduct jurisdictional discovery for the following reasons.

**I. Background**

This suit arises from a series of events stemming from Plaintiffs Dean Allen Burri's and Burri Law, P.A.'s representation of the Byzantine Catholic Eparchy of Phoenix (the "Phoenix Eparchy") in an Arizona ERISA action. In late 2015, the Phoenix Eparchy hired Plaintiffs to investigate its health plan, to draft health plan documents, and to pursue litigation on its behalf. (Doc. 14 at 5.) After allegedly uncovering irregularities with the 2012 Eastern Catholic Benefits Plan ("ECB Plan"), the Phoenix Eparchy and its bishop, John Pazak, filed suit in the District of Arizona on April 26, 2018. *See Byzantine Catholic*

*Eparchy of Phoenix v. Employee Benefit Serv., Inc., et al.*, No. 2:18-cv-01288-GMS ("the ERISA Action"). Relevant here, after the filing of the ERISA Action, the Ohio Diocese of Parma's ("Parma") bishop, Milan Lach, among others, allegedly "began a campaign of improperly interfering in the contract between the Phoenix Eparchy and Plaintiffs" in an alleged attempt to conceal the 2012 ECB Plan's flaws. (Doc. 14 at 10.) Specifically, upon Plaintiffs' information and belief, that the named defendants, including Bishop Lach, repeated false and defamatory statements about Plaintiffs to the Phoenix Eparchy and others and urged the Phoenix Eparchy to fire Plaintiffs and terminate the ERISA Action. (*Id.* at 11.)

In July 2018, Bishop Lach attended a meeting in Texas with Cardinal Leonardo Sandri and multiple representatives from the Phoenix Eparchy, during which "false statements were repeated, and it was communicated to the Phoenix Eparchy that it needed to dismiss the [ERISA Action] and to fire Plaintiffs." (*Id.*)   However, Bishop Pazak declined to dismiss the ERISA Action, even after Pope Francis intervened and instructed Bishop Pazak to dismiss the claims. Pope Francis removed him as the Phoenix Eparchy's bishop and replaced him with an apostolic administrator, who had the ERISA Action dismissed with prejudice. (*Id.* at 12.) Plaintiffs were notified in August 2018 that their contract with the Phoenix Eparchy had been terminated. The Phoenix Eparchy thereafter refused to pay Plaintiffs' legal fees, which Plaintiffs assert is being done at Defendants' direction.

On July 27, 2020, Plaintiffs filed the instant suit against, *inter alia*, Bishop Lach and Parma in Maricopa County Superior Court. (Doc. 1-2.) On August 28, 2020, Defendants removed the action to this Court. Bishop Lach and Parma filed a motion to dismiss for lack of person jurisdiction on September 3, 2020. (Doc. 9.) On September 22, 2020, Plaintiffs filed an amended complaint, which brings claims against Bishop Lach and Parma for intentional interference with contractual relations, tortious interference with prospective contractual relationships, unjust enrichment, and defamation. (Doc. 14.) On October 1, 2020, Bishop Lach and Parma filed a new motion to dismiss for lack of personal

jurisdiction. (Doc. 22.) The motion is now ripe.

**II. Discussion**

Here, Plaintiffs, domiciled in Florida, bring suit in Arizona against Bishop Lach and Parma, Ohio residents, for state law claims pursuant to the Court's diversity jurisdiction.[1] When faced with a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). If the Court, as here, decides the motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts and "[c]onflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Personal jurisdiction may be general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Because Plaintiffs do not assert that the relevant defendants are subject to the Court's general jurisdiction, the Court is left to decide whether an exercise of specific jurisdiction over them is appropriate.

To establish specific personal jurisdiction over a non-resident defendant, the following three-prong test must be met: (1) the defendant purposefully directed its activities or consummated some transaction with the forum or a resident thereof; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable so as to comport with fair play and substantial justice. *Dole Food Co., Inc. v. Watts*, 3030 F.3d 1104, 112 (9th Cir. 2002). The plaintiff has the burden of proving the first two prongs. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff is successful, the burden shifts to defendant to show that being subject to the jurisdiction of the forum state would be unreasonable. *Id.*

Because Plaintiffs rely solely on the conduct of Bishop Lach to establish jurisdiction over Parma, the Court's analysis will focus on the actions of Bishop Lach, noting that if

---

[1] In their response, Plaintiffs argue that the Court should exercise personal jurisdiction over Bishop Lach and Parma because Plaintiffs' claims are tied to the former ERISA Action. However, the amended complaint only asserts state law claims. This suit's connection to federal claims, dismissed with prejudice in the ERISA Action, is irrelevant for jurisdictional purposes.

Bishop Lach is not subject to this Court's jurisdiction, neither is Parma. (Doc. 14 at 3.) The Court now turns to the first prong of the specific jurisdiction test to determine whether Plaintiffs have shown that Bishop Lach purposely directed activities toward Arizona. To do so, Plaintiffs must allege facts showing that Bishop Lach "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). In support of the first element of the test, Plaintiffs contend that Bishop Lach committed the intentional act of attending the Texas meeting during which "false statements were repeated, and it was communicated to the Phoenix Eparchy that it needed to dismiss the [ERISA Action] and to fire Plaintiffs." Even if Bishop Lach's mere attendance at the Texas meeting were sufficient to meet the intentional act element, Plaintiffs otherwise fail to meet the first prong of the specific jurisdiction test. Referencing *Lake*, Plaintiffs argue that the test is met because, by attending the meeting,

> Lach specifically targeted Plaintiffs' professional career as it related to a specific client and a specific case. If the "aimed" activity prong can be satisfied by a national publication of libelous content, it is certainly satisfied where a particular Arizona individual/Eparchy is the targeted audience, and the desire is to evince a ruinous outcome in Arizona.

(Doc. 32 at 11 (citing *Lake v. Lake*, 817 F.2d 1416, 1423 (9th Cir. 1987))). Plaintiffs' argument is misguided.

First, if as Plaintiffs allege, by attending the Texas meeting, Bishop Lach specifically "targeted Plaintiffs' professional career," he did not target the forum, but Plaintiffs themselves, who are not residents of Arizona. *See Agahi v. Khorrami*, No. CV-15-01640-PHX-JJT, 2016 WL 492630, at *5 (D. Ariz. Feb. 9, 2016). Plaintiffs therefore fail to meet the second element of the purposeful direction test. Moreover, the harm to Plaintiffs—reputational damage and lost legal fees—was suffered in Florida, Plaintiff's home and principal place of business, not in Arizona. *See Al-Rajhi v. Mayfair Holdings, LLP*, No. 2:18-cv-0581-HRH, 2018 WL 3926439, at * 4 (D. Ariz. Aug. 16, 2018) ("[E]conomic harm suffered by [the plaintiff] would have been suffered where [the

plaintiff] lives, which is not in Arizona. [And economic] harm that [a plaintiff corporation suffers] would have been suffered . . . where [the corporation] has its principal place of business.").[2] Thus, Plaintiffs fail to meet the third element of the purposeful direction test because Bishop Lach would have had no reason to believe his actions were likely to cause Plaintiffs harm in Arizona. Second, Plaintiffs may not assert that the harm forming the basis of jurisdiction is, instead, the "ruinous outcome" of the ERISA Action, because that loss was suffered by Plaintiffs' client, Phoenix Eparchy. Plaintiffs lack standing to assert the harm of a non-party as the basis for jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In sum, Plaintiffs have not met the first prong of the specific jurisdiction test. The Court thus does not reach the second or third prongs and will grant Defendants' motion to dismiss.

Recognizing that the Court might find personal jurisdiction over these defendants lacking, on November 9, 2020, Plaintiffs filed a motion requesting leave to conduct jurisdictional discovery. (Doc. 31.) Particularly, Plaintiffs propose the following discovery requests from Bishop Lach and Parma:

> 1. Produce all documents related to any travel to/from Arizona since 2016.
>
> 2. Produce all written communications between Defendants and the Eparchy of Phoenix, including texts, e-mails, and letters, since 2016 related to the subject of the lawsuit.
>
> 3. Produce all written communications between Defendants and co-Defendants, including texts, e-mails, and letters, since 2016, related to the subject of the lawsuit.
>
> 4. Identify all persons related to the Eparchy of Phoenix and/or the Catholic Church with whom you discussed Dean Burri or Burri Law Group, or the instant lawsuit (excluding counsel).

(*Id.* at 2.) Plaintiffs additionally request the right to depose Bishop Pazak, Father Diodoro, Father McAuliffee, and Bishop Lach. Plaintiffs suggest that the proposed discovery will uncover evidence demonstrating that the Court may exercise personal jurisdiction over

---

[2] Although a corporation may also suffer economic harm in the forum where the bad acts occurred, none of the "bad acts" alleged in the amended complaint occurred in Arizona. *Dole Food Co., Inc.*, 303 F.3d at 1113.

- 5 -

Bishop Lach and Parma, because it will prove that Bishop Lach defamed Plaintiffs to the Phoenix Eparchy outside of the Texas meeting.

Even if the proposed discovery were to reveal additional incidents in which Bishop Lach allegedly defamed Plaintiffs, the harm suffered by Mr. Burri occurred in Florida, while harm suffered by non-parties, such as the Phoenix Eparchy, cannot be the basis for the Court's assertion of personal jurisdiction over Defendants. However, in seeking information about Bishop Lach's travel to and from Arizona, Plaintiffs attempt to prove that Bishop Lach committed the "bad acts" in Arizona such that Burri Law, P.A. suffered economic harm in Arizona. *See Dole Food Co., Inc.*, 303 F.3d at 1113. Yet, the denial of such a discovery request is proper when the plaintiff's claim of personal jurisdiction "appears attenuated and based upon bare allegations in the face of specific denials made by the defendant[]" and the request for discovery is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (citation omitted); *Boschetto*, 539 F.3d at 1020. Here, Plaintiffs no more than baselessly speculate that jurisdictional discovery might produce evidence that Bishop Lach traveled to and from Arizona, let alone committed qualifying "bad acts" there. Meanwhile, Bishop Lach specifically denies having ever been to Arizona apart from a brief visit to the Grand Canyon while in Nevada. (Doc. 35 at 9.) Plaintiffs' indefinite postulations, in the face of explicit denials by Bishop Lach to the contrary, do not justify jurisdictional discovery. In sum, Plaintiffs have made no persuasive argument that the proposed discovery would uncover evidence that Bishop Lach committed an intentional act that caused Plaintiffs harm in Arizona. *See MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1113 (D. Ariz. 2010) (Jurisdictional discovery should be denied "where the plaintiff fails to show that further discovery would elucidate the facts necessary to prove that the court has personal jurisdiction."). As a result, the Court will deny Plaintiffs' motion to conduct jurisdictional discovery.

**IT IS ORDERED** that the motion to dismiss filed by Bishop Lach and Parma (Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to conduct jurisdictional discovery (Doc. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate Bishop Lach and Parma as defendants.

Dated this 14th day of January, 2021.

_____
Douglas L. Rayes
United States District Judge