WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Burri Law PA, et al., | No. CV-20-01692-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| William C Skurla, et al., | |
| Defendants. | |

Before the Court is the motion to dismiss filed by Bishop William Skurla, Bishop Kurt Burnett, the Metropolitan Archdiocese of Pittsburgh ("Pittsburgh") and the Eparchy of Passaic ("Passaic") (Doc. 25) and Plaintiffs' motion to conduct jurisdictional discovery (Doc. 43). Both motions are now ripe. (Docs. 25, 26, 42, 43, 53, 54.) The Court will grant the motion to dismiss and deny the motion to conduct jurisdictional discovery for the following reasons.

**I. Background**

This suit arises from a series of events stemming from Plaintiffs Dean Allen Burri's and Burri Law, P.A.'s representation of the Byzantine Catholic Eparchy of Phoenix (the "Phoenix Eparchy") in an Arizona ERISA action. In late 2015, the Phoenix Eparchy hired Plaintiffs to investigate its health plan, to draft health plan documents, and to pursue litigation on its behalf. (Doc. 14 at 5.) After allegedly uncovering irregularities with the 2012 Eastern Catholic Benefits Plan ("ECB Plan"), the Phoenix Eparchy and its bishop,

John Pazak, filed suit in the District of Arizona on April 26, 2018. *See Byzantine Catholic Eparchy of Phoenix v. Employee Benefit Serv., Inc., et al.*, No. 2:18-cv-01288-GMS ("the ERISA Action"). After the filing of the ERISA Action, Defendants allegedly "began a campaign of improperly interfering in the contract between the Phoenix Eparchy and Plaintiffs" in an attempt to conceal the 2012 ECB Plan's flaws. (Doc. 14 at 10.) Specifically, upon Plaintiffs' information and belief, they repeated false and defamatory statements about Plaintiffs to the Phoenix Eparchy and others, including by email and via letter, and urged the Phoenix Eparchy to fire Plaintiffs and terminate the ERISA Action. (*Id.* at 11.)

In July 2018, Bishop Burnett and Bishop Skurla attended a meeting in Texas with Cardinal Leonardo Sandri and multiple representatives from the Phoenix Eparchy, during which "false statements were repeated, and it was communicated to the Phoenix Eparchy that it needed to dismiss the [ERISA Action] and to fire Plaintiffs." (*Id.*) However, Bishop Pazak declined to dismiss the ERISA Action, even after, allegedly at Bishop Skurla's urging, Pope Francis intervened and instructed Bishop Pazak to dismiss the claims. Pope Francis removed him as the Phoenix Eparchy's bishop and replaced him with an apostolic administrator, who had the ERISA Action dismissed with prejudice. (*Id.* at 12.) Plaintiffs were notified in August 2018 that their contract with the Phoenix Eparchy had been terminated. The Phoenix Eparchy thereafter refused to pay Plaintiffs' legal fees, which Plaintiffs assert is being done at Defendants' direction.

On July 27, 2020, Plaintiffs filed the instant suit against, *inter alia*, Bishop Skurla, Pittsburgh, Bishop Burnett, and Passaic in Maricopa County Superior Court. (Doc. 1-2.) On August 28, 2020, Defendants removed the action to this Court. Bishop Lach and Parma filed a motion to dismiss for lack of person jurisdiction on September 4, 2020. (Doc. 11.) On September 22, 2020, Plaintiffs filed an amended complaint, which brings claims against Defendants for intentional interference with contractual relations, tortious interference with prospective contractual relationships, unjust enrichment, and defamation. (Doc. 14.) On October 14, 2020, the relevant defendants filed a new motion to dismiss for lack of personal

jurisdiction. (Doc. 25.) The motion is now ripe.

**II. Discussion**

Here, Plaintiffs, domiciled in Florida, bring suit in Arizona against Bishop Skurla and Pittsburgh, Pennsylvania residents, and Bishop Burnett and Passaic, New Jersey residents, for state law claims pursuant to the Court's diversity jurisdiction.[1] When faced with a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). If the Court, as here, decides the motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts and "[c]onflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Personal jurisdiction may be general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

To establish general personal jurisdiction over a non-resident defendant, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002)). The standard to establish general jurisdiction is "exacting," because the defendant's conduct with the forum state must be so strong that the defendant is effectively "at home" in the forum state. *Schwarzenegger*, 374 F.3d at 801; *Daimler AG*, 571 U.S. at 119. But for the exceptional case, general jurisdiction is only appropriate over a corporation at its place of incorporation or principal place of business. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citations omitted).

To establish specific personal jurisdiction over a non-resident defendant, the

---

[1] In their response, Plaintiffs argue that the Court should exercise personal jurisdiction over Defendants because Plaintiffs' claims are tied to the former ERISA Action. However, the amended complaint only asserts state law claims. This suit's connection to federal claims, dismissed with prejudice in the ERISA Action, is irrelevant for jurisdictional purposes.

following three-prong test must be met: (1) the defendant purposefully directed its activities or consummated some transaction with the forum or a resident thereof; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable so as to comport with fair play and substantial justice. *Dole Food Co., Inc. v. Watts*, 3030 F.3d 1104, 112 (9th Cir. 2002). The plaintiff has the burden of proving the first two prongs. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff is successful, the burden shifts to defendant to show that being subject to the jurisdiction of the forum state would be unreasonable. *Id.*

Because Plaintiffs rely on the conduct of Bishop Skurla and Bishop Burnett to establish jurisdiction over Pittsburgh and Passaic, respectively, the Court's analysis will focus on the actions of the bishops, noting that if they are not subject to this Court's jurisdiction, neither are Pittsburg nor Passaic. (Doc. 14 at 2-3.) The Court first must determine whether it may exercise general jurisdiction over Defendants. Here, Plaintiffs have made no showing that Defendants had contacts with Arizona so "continuous and systematic" as to render them "at home" in Arizona. Rather, Plaintiffs assert that the Court's exercise of general jurisdiction over Defendants is appropriate merely because Bishop Skurla and Bishop Burnett led and participated in the ECB Plan, in which the Phoenix Eparchy and many others participated, communicated with the Phoenix Eparchy and Plaintiffs regarding the ECB Plan, and later defamed Plaintiffs in communications to the Phoenix Eparchy. (Doc. 42 at 7.) These allegations fall far short of showing that Defendants were "at home" in Arizona. Consequently, the Court lacks general jurisdiction over Defendants.

The Court now must determine whether it may exercise specific jurisdiction over Defendants. It turns to the first prong of the specific jurisdiction test to determine whether Plaintiffs have shown that Bishop Skurla and Bishop Burnett purposely directed activities toward Arizona. To do so, Plaintiffs must allege facts showing that they "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem*

*Int'l Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). In support of the first element of the test, Plaintiffs contend,

> Defendants, led by Skurla, specifically targeted Plaintiffs' professional career as it related to a specific client and a specific case. If the "aimed" activity prong can be satisfied by a national publication of libelous content, it is certainly satisfied where a particular Arizona individual/Eparchy is the targeted audience, and the desire is to evince a ruinous outcome in Arizona. . . Here, even if all of Defendants' conduct occurred outside of Arizona, it was done with the intent of having an effect on Plaintiffs[] and their professional reputation and business in Arizona.

(Doc. 42 at 9 (citing *Lake v. Lake*, 817 F.2d 1416, 1423 (9th Cir. 1987))). Plaintiffs' argument is misguided.

First, if as Plaintiffs allege, Defendants specifically "targeted Plaintiffs' professional career," they did not target the forum, but Plaintiffs themselves, who are not residents of Arizona. *See Agahi v. Khorrami*, No. CV-15-01640-PHX-JJT, 2016 WL 492630, at *5 (D. Ariz. Feb. 9, 2016). Plaintiffs therefore fail to meet the second element of the purposeful direction test. Moreover, the harm to Plaintiffs—reputational damage and lost legal fees—was suffered in Florida, Plaintiff's home and principal place of business, not in Arizona. *See Al-Rajhi v. Mayfair Holdings, LLP*, No. 2:18-cv-0581-HRH, 2018 WL 3926439, at * 4 (D. Ariz. Aug. 16, 2018) ("[E]conomic harm suffered by [the plaintiff] would have been suffered where [the plaintiff] lives, which is not in Arizona. [And economic] harm that [a plaintiff corporation suffers] would have been suffered . . . where [the corporation] has its principal place of business.").[2] Thus, Plaintiffs fail to meet the third element of the purposeful direction test because Defendants would have had no reason to believe their actions were likely to cause Plaintiffs harm in Arizona. Second, Plaintiffs may not assert that the harm forming the basis of jurisdiction is, instead, the "ruinous outcome" of the ERISA Action, because that loss was suffered by Plaintiffs' client, Phoenix Eparchy. Plaintiffs lack standing to assert the harm of a non-party as the

---

[2] Although a corporation may also suffer economic harm in the forum where the bad acts occurred, none of the "bad acts" alleged in the amended complaint occurred in Arizona. *Dole Food Co., Inc.*, 303 F.3d at 1113.

basis for jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In sum, Plaintiffs have not met the first prong of the specific jurisdiction test. The Court thus does not reach the second or third prongs and will grant Defendants' motion to dismiss.

Recognizing that the Court might find personal jurisdiction over these defendants lacking, on December 14, 2020, Plaintiffs filed a motion requesting leave to conduct jurisdictional discovery. (Doc. 43.) Like its discovery request when faced with the motion to dismiss filed by Bishop Lach and Parma (Doc. 31), Plaintiffs propose the following discovery requests:

> 1. Produce all documents related to any travel to/from Arizona since 2016.
>
> 2. Produce all written communications between Defendants and the Eparchy of Phoenix, including texts, e-mails, and letters, since 2016 related to the subject of the lawsuit.
>
> 3. Produce all written communications between Defendants and co-Defendants, including texts, e-mails, and letters, since 2016, related to the subject of the lawsuit.
>
> 4. Identify all persons related to the Eparchy of Phoenix and/or the Catholic Church with whom you discussed Dean Burri or Burri Law Group, or the instant lawsuit (excluding counsel).

(Doc. 43 at 2.) Plaintiffs additionally request the right to depose Bishop Pazak, Father Diodoro, Father McAuliffee, Bishop Skurla, and Bishop Burnett. Plaintiffs suggest that the proposed discovery will uncover evidence demonstrating that the Court may exercise personal jurisdiction over Defendants, because it will prove that Defendants repeatedly defamed Plaintiffs and interfered in Plaintiffs' contract with the Phoenix Eparchy.

Even if the proposed discovery were to reveal additional incidents in which Defendants allegedly defamed Plaintiffs and interfered with their relationship with the Phoenix Eparchy, the harm suffered by Mr. Burri occurred in Florida, while harm suffered by non-parties, such as the Phoenix Eparchy, cannot be the basis for the Court's assertion of personal jurisdiction over Defendants. However, in seeking information about the bishop's travel to and from Arizona, Plaintiffs attempt to prove that they committed the "bad acts" in Arizona such that Burri Law, P.A. suffered economic harm in Arizona. *See*

*Dole Food Co., Inc.*, 303 F.3d at 1113. Yet, the denial of such a discovery request is proper when the plaintiff's claim of personal jurisdiction is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (citation omitted); *Boschetto*, 539 F.3d at 1020. Here, Plaintiffs no more than baselessly speculate that jurisdictional discovery might produce evidence that the bishops traveled to and from Arizona, let alone committed qualifying "bad acts" there. Plaintiffs' indefinite postulations do not justify jurisdictional discovery. In sum, Plaintiffs have made no persuasive argument that the proposed discovery would uncover evidence that Defendants committed an intentional act that caused Plaintiffs harm in Arizona. *See MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1113 (D. Ariz. 2010) (Jurisdictional discovery should be denied "where the plaintiff fails to show that further discovery would elucidate the facts necessary to prove that the court has personal jurisdiction."). As a result, the Court will deny Plaintiffs' motion to conduct jurisdictional discovery.

**IT IS ORDERED** that the motion to dismiss filed by Bishop Skurla, Bishop Burnett, Pittsburgh, and Passaic (Doc. 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to conduct jurisdictional discovery (Doc. 43) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate Bishop Skurla, Bishop Burnett, Pittsburgh, and Passaic as defendants, terminate all pending motions, and close the case.

Dated this 19th day of January, 2021.

Douglas L. Rayes
United States District Judge